# MANDATE

N.Y.S.D. Case #
17-cv-8901(VSB)

19-782-cv
*Abdul-Aziz v. National Basketball Association, Players' Pension Plan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges*,
            EDWARD R. KORMAN,
                        *District Judge*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 05 2019

---

ZAID ABDUL-AZIZ, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

         *Plaintiff-Appellant,*          19-782-cv

         v.

NATIONAL BASKETBALL ASSOCIATION, PLAYERS'
PENSION PLAN,

         *Defendant-Appellee.*

**FOR PLAINTIFF-APPELLANT:**          JASON L. MELANCON, Melancon Rimes, LLC, Baton Rouge, Louisiana.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**MANDATE ISSUED ON 12/05/2019**

**FOR DEFENDANT-APPELLEE:**      MYRON D. RUMELD, Neil V. Shah, John
E. Roberts, Proskauer Rose LLP, New
York, New York; Jules L. Smith, Blitman
& King LLP, Rochester, New York.

Appeal from a March 20, 2019 judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Zaid Abdul-Aziz ("Abdul-Aziz") challenges the District Court's dismissal of his complaint against Defendant-Appellee National Basketball Association, Players' Pension Plan ("the Plan"). Abdul-Aziz argues that he timely brought claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against the Plan for benefits to which he believes he is entitled. The District Court found that such claims were, in fact, barred by the statute of limitations for ERISA actions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." *Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). In ERISA cases, "the controlling limitations period is that specified in the most nearly analogous state limitations statute." *Miles v. New York State Teamsters Conference Pension and Ret. Fund Emp. Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir. 1983). Both parties agree that New York Civil Practice Law and Rules § 213 provides the relevant limitations period in this case: six years.

The statute of limitations period begins running in an ERISA action when "a plan clearly and unequivocally repudiates the plaintiff's claim for benefits and that repudiation is known, or should be known, to the plaintiff." *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 50 (2d Cir. 1999). Knowledge is imputed to a plaintiff when there is "enough information available" for the plaintiff to conclude that the basis for a claim exists. *Novella v. Westchester Cty.*, 661 F.3d 128, 147 (2d Cir. 2011).

The District Court concluded that such knowledge could be imputed to Abdul-Aziz by, at latest, July 2001, when the Plan terminated its payments under his accelerated retirement schedule. *Abdul-Aziz v. Nat'l Basketball Ass'n Players' Pension Plan*, 2019 WL 1284591, at *4–5 (S.D.N.Y. Mar. 20, 2019). According to the District Court, if Abdul-Aziz believed he was owed more money at that point, then he should have brought an action immediately after the benefits ended, or at some time within the next six years.

2

We agree. By July 2001, Abdul-Aziz had sufficient notice that he would receive no future benefits—including any future cost-of-living adjustments ("COLAs"). Indeed, Abdul-Aziz likely had notice as early as 1997 that he would not be compensated for future COLAs: at that point he was receiving COLAs and had been informed by the Plan's counsel that his benefits, presumably including future COLAs, would terminate in 2001. Nevertheless, even if we adopt the later date as the moment that his cause of action accrued, it remains the case that his complaint below was not timely. Abdul-Aziz filed this action at least 10 years too late.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the March 20, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3